# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZACHARY TEW,<br><br>　　　　Defendant. | No. CR17-3004-MWB<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA** |

_____

## I.　BACKGROUND

On January 18, 2017, an Indictment was returned against defendant Zachary Tew. On April 13, 2017, defendant appeared before United States Magistrate Judge Kelly K.E. Mahoney and entered a plea of guilty to Count 1 of the Indictment. On this same date, Judge Mahoney filed a Report and Recommendation in which she recommended that defendant's guilty plea be accepted (docket no. 18). No objections to the Report and Recommendation were filed. I, therefore, undertake the necessary review of Judge Mahoney's recommendation to accept defendant's plea in this case.

## II.　APPLICABLE STANDARDS

A district judge must review a magistrate judge's Report and Recommendation in a criminal case under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

> The judge may also receive further evidence or recommit the
> matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b). Thus, when a party objects to any portion of a Report and Recommendation, the district judge must undertake a *de novo* review of that portion.

Any portion of a Report and Recommendation to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review a Report and Recommendation under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because neither party objects to the Report and Recommendation, I have reviewed it for clear error. Based on that review, I am not "left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573-74. As such, I hereby

**accept** the Report and Recommendation without modification and **accept** defendant's plea of guilty in this case as to Count 1 of the Indictment.[1]

**IT IS SO ORDERED**.

**DATED** this 2nd day of May, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[1]*United States v. Cortez-Hernandez*, ---Fed. App'x ---, .2016 WL 7174114 (8th Cir. Dec. 9, 2016) (per curiam), suggests that a defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed. *But see* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). I will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within seven days after this order is filed.